

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| TRAVIS DAVID HERNDON, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION 8:17-1483-MGL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION, REVERSING DEFENDANT'S DECISION, AND REMANDING THE CASE

This is a Social Security appeal in which Plaintiff Travis David Herndon (Herndon) seeks judicial review of the final decision of Defendant Nancy A. Berryhill (Berryhill) denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the decision to deny benefits be reversed, pursuant to sentence four of 42 U.S.C. § 405(g), and the case be remanded to Berryhill for further administrative action consistent with the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 18, 2018, Berryhill filed her objections to the Report on August 1, 2018, and Herndon filed his reply to the objections on August 15, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Herndon filed his applications for DIB and SSI on May 14, 2014. He contends his disability commenced on April 18, 2014. Berryhill denied Herndon's applications initially and upon reconsideration. Herndon then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on June 11, 2015.

On July 31, 2015, the ALJ issued a decision holding Herndon did not have a disability under the Social Security Act. Herndon then requested the Appeals Council review of the ALJ's decision, which the Appeals Council granted and remanded the matter to the ALJ for further consideration. The ALJ conducted a second hearing on July 28, 2016.

On September 16, 2016, the ALJ issued another decision holding Herndon was not disabled. Herndon again asked the Appeals Council review the ALJ's decision; but this time it declined to do so. Thereafter, Herndon filed this action for judicial review with the Court on June 7, 2017.

Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 20 C.F.R. §§ 404.1505(a), 416.905(a). The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps

are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported

3

by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJ must sufficiently explain the reasons for the ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] [s]he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986). "The fact that the record as a whole might support an inconsistent conclusion is immaterial[.]" *Blalock v. Richardson Eyeglasses*, 483 F.2d 773, 775 (4th Cir. 1972) (footnotes omitted).

Berryhill makes just two objections. First, she argues "the Magistrate Judge recommended remand solely based on an issue that was not raised by [Herndon]." Objections 1. As the Court will discuss in detail in its analysis of Berryhill's second objection, the Magistrate Judge suggests the Court reverse and remand this case to Berryhill because, according to the Magistrate Judge, the ALJ

4

inappropriately relied on the grids alone to determine Herndon is not disabled, without the benefit of vocational expert (VE) testimony.

According to Berryhill, although Herndon "did argue that application of the [grids] was improper, he did so based on his arguments concerning the ALJ's treatment of his subjective complaints and analysis of one treating physician opinion." *Id*. The Court notes, however, Herndon asserts in his brief "[t]he ALJ erroneously relied solely on the grids, without even obtaining any [VE] testimony[.]" Plaintiff's Brief 21. As such, the Court is unable to agree Herndon neglected to raise this issue before the Magistrate Judge.

But, even if the Magistrate Judge raised the issue sua sponte, the Court cannot say it was error for her to do so. After all, having been given an opportunity to file objections to the Report, the parties had due notice and a fair opportunity to address the issue. *Day v. McDonough*, 547 U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). Consequently, even assuming the Magistrate Judge raised the issue on her own initiative, the Court holds there is no error. Hence, the Court will overrule this objection.

In Berryhill's second objection, she contends the Magistrate Judge erred in concluding the ALJ inappropriately relied on the grids alone to determine Herndon is not disabled, without the benefit of VE testimony. Objections 2. According to Berryhill, the ALJ consideration of Herndon's nonexertional impairments in his residual function capacity assessment (RFC), in which the ALJ concluded Herndon was able "to understand, remember, and carry out simple instructions[,]" A.R. 35, made reliance on the grids alone proper.

The RFC sets forth "the most the claimant can still do despite physical and mental limitations that affect [his] ability to work." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (citation

omitted) (internal quotation marks omitted). "To make this assessment, the ALJ must consider all of the claimant's medically determinable impairments of which the ALJ is aware[.]" *Id*. (citation omitted) (internal quotation marks omitted) (alterations omitted).

"The regulations differentiate between exertional or strength limitations and nonexertional limitations. An exertional limitation is one [that] manifests itself by limitations in meeting the strength requirements of jobs." *Gory v. Schweiker*, 712 F.2d 929, 930 (4th Cir. 1983). "A nonexertional limitation on the other hand is a limitation that is present whether the claimant is attempting to perform the physical requirements of the job or not, such as mental [disability], mental illness, blindness, deafness or alcoholism." *Id*. (footnote omitted).

"When a claimant suffers from exertional limitations and the facts of his vocational profile meet all the criteria of a particular rule in the [grids], that rule directs the conclusion to be drawn." *Id*. In cases in which nonexertional impairments further limit the range of jobs available to the claimant, however, the ALJ must look to "a [VE] to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983).

"The basic mental demands of . . . unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions[.]" SSR 85-15. Thus, inasmuch as the ALJ determined Herndon was able "to understand, remember, and carry out simple instructions[,]" A.R. 35, it would seem Herndon can perform unskilled work from mental standpoint.

But, the ALJ also determined , "[w]ith regard to concentration, persistence[,] or pace, [Herndon] has moderate difficulties." A.R. 34. It appears the ALJ failed to take this nonexertional impairment into account.

6

Berryhill cites *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) for the proposition "when medical evidence demonstrates that a claimant can engage in . . . unskilled work despite limitations in concentration, persistence, and pace," those limitations are of no moment when determining what jobs are available for the claimant. Thus, Berryhill maintains, the ALJ could rely on the grids alone without taking VE testimony on what jobs are available for Herndon.

Berryhill does a fine job marshaling medical evidence supporting the ALJ's holding Herndon was able "to understand, remember, and carry out simple instructions." A.R. 35. But she wholly neglects to point to any evidence supporting the ALJ's decision Herndon can "engage in . . . unskilled work despite limitations in concentration, persistence, [or] pace" *Winschel*, 631 F.3d 1180.

"Perhaps the ALJ can explain why [Herndon's] moderate limitation in concentration, persistence, or pace . . . does not translate into a limitation in [Herndon's RFC or the jobs available to Herndon]." *Mascio*, 780 F.3d at 638. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [Herndon's] ability to work[.] . . . But because the ALJ here gave no explanation, a remand is in order." *Id*. Therefore, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Berryhill's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Berryhill's final decision denying Herndon's DIB and SSI claims is **REVERSED**, pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to Berryhill for further administrative action consistent with the Report.

**IT IS SO ORDERED**.

Signed this 19th day of September, 2018, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS